IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

PAMELA R. REED,

    Plaintiff,

vs.

CEDAR COUNTY and CEDAR COUNTY SHERIFF, DANIEL HANNES,

    Defendants.

No. C05-0064

**ORDER**

    This matter comes before the court pursuant to defendants' June 6, 2006 motion to compel (docket number 46). At issue in defendants' motion is the file of plaintiff's former attorney, LeAnn Tyler. Ms. Tyler's file has been produced to defendants, with the exception of certain documents to which the plaintiff is claiming either attorney-client privilege (Bates-stamped documents 14, 26, 56, 82, and 168-170) or work-product privilege (Bates-stamped documents 171-179). Defendants request that the withheld documents be submitted to the court for an in camera inspection to determine if the documents are, in fact, privileged, and that any non-privileged documents be ordered produced to the defendants.

    Plaintiffs resist defendants' motion to compel, arguing first that it should be denied for failing to comply with Local Rule 7.1(d), which requires that a party filing a motion also file a brief with legal authority and arguments supporting their position.[1]

---

[1] The court declines to deny defendants' motion on this basis. Defendants are advised, however, that strict compliance with the Local Rules is expected. Future violations may result in the striking of non-compliant pleadings.

1

Substantively, plaintiff argues that the withheld documents are privileged and therefore, need not be produced to defendants.

## The Attorney-Client Privilege

"The attorney-client privilege protects against the disclosure of '[a]ny confidential communication between an attorney and the attorney's client . . . against the will of the client.'" Brandon v. West Bend Mut. Ins. Co., 681 N.W.2d 633, 639 (Iowa 2004) (quoting Squealer Feeds v. Pickering, 530 N.W.2d 678, 684 (Iowa 1995)). The attorney-client privilege is codified at Iowa Code § 622.10 which provides, in pertinent part:

> A practicing attorney . . . who obtains information by reason of the person's employment . . . shall not be allowed, in giving testimony, to disclose any confidential communication properly entrusted to the person in the person's professional capacity, and necessary and proper to enable the person to discharge the functions of the person's office according to the usual course of practice or discipline.

The privilege log demonstrates that the documents claimed to be privileged by the attorney-client privilege, i.e., 14, 26, 56, and 82 are letters and faxes back and forth from the plaintiff and Ms. Tyler. Such communications are clearly covered by the attorney-client privilege. No in camera inspection is necessary. Defendants' motion to compel these documents is denied. Likewise, document 168-170, which is a draft of the alleged incidents of harassment, written by the plaintiff at the direction of Ms. Tyler and intended for communication with Ms. Tyler, is likewise subject to the attorney-client privilege. According to Ms. Tyler's affidavit, she asked the plaintiff to prepare this document so that Ms. Tyler could use it as a basis for the administrative discrimination charge which Ms. Tyler filed on plaintiff's behalf. Defendants' motion to compel this document is denied.

## The Work-Product Privilege

The work product doctrine was established in Hickman v. Taylor, 329 U.S. 495 (1947), and is now set forth in Fed. R. Civ. P. 26(b)(3), which provides:

> [A] party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

As set forth in Rule 26(b)(3), the work product privilege only protects documents from discovery that were "prepared in anticipation of litigation." Simon v. G.D. Searle & Co., 816 F.2d 397, 401 (8th Cir. 1987). Deciding whether the documents were prepared in "anticipation of litigation" is a factual determination. Id.

> [T]he test should be whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation. But the converse of this is that even though litigation is already in prospect, there is no work product immunity for documents prepared in the regular course of business rather than for purposes of litigation.

Id. (Quoting 8 C. Wright & A. Miller, Federal Practice and Procedure, § 2024, at 198-99 (1970) (footnotes omitted).

The party asserting the work product privilege bears the burden of providing a factual basis for establishing the applicability of the privilege. St. Paul Reinsurance Co., Ltd. V. Commercial Fin. Corp., 197 F.R.D. 620, 628 (N.D. Iowa 2000). "The party asserting the privilege 'me[ets] its burden of providing a factual basis for asserting the privilege[] when it produce[s] a detailed privilege log stating the basis of the claimed privilege for each document in question, together with an accompanying explanatory

affidavit of its . . . counsel.'" Id. (quoting In re Grand Jury Subpoena Duces Tecum, 112 F.3d 910, 925 (8th Cir.), cert denied, 521 U.S. 1105 (1997)). Upon meeting this burden, the burden shifts to the party opposing the privilege to prove "substantial need" and "undue hardship" in order to obtain the materials. Id.

Work product has been separated into two categories, i.e., ordinary work product and opinion work product. Id. Ordinary work product includes raw factual information, and is not discoverable unless the party seeking the information demonstrates a substantial need for the material and an inability to obtain the substantial equivalent of the material by other means. Id. (Citing Gundacker v. Unisys Corp., 151 F.3d 842, 848 n. 4 (8th Cir. 1998), Fed. R. Civ. P., 26(b)(3)). Opinion work product, on the other hand, includes counsel's mental impressions, conclusions, opinions or legal theories. Id. at n. 5. Opinion work product is only discoverable in rare and extraordinary circumstances, such as when the material demonstrates illegal conduct or fraud. Id. (Citing In re Murphy, 560 F.2d 326, 336 (8th Cir. 1977)). "While the 'work product' may be, and often is, that of an attorney, the concept of 'work product' is not confined to information or materials gathered or assembled by a lawyer." Diversified Indus., Inc. v. Meredith, 572 F.2d 596, 603 (8th Cir. 1977).

Plaintiff claims that the document Bates-stamped 171-179 is protected from disclosure by the work-product privilege. This document is a transcript of a surreptitious tape recording of a conversation between the plaintiff and defendant Sheriff Daniel Hannes. According to Ms. Tyler's affidavit, this conversation was taped in preparation for litigation. Plaintiff argues that the defendants have established neither substantial need or undue hardship in order to compel production of this ordinary work-product. Defendant argues that the plaintiff has waived any work-product privilege concerning this tape recording because the plaintiff has already provided the defendants with other surreptitious tape recordings.

"[D]isclosure to an adversary waives work product protection as to items actually disclosed." Pittman v. Frazer, 129 F.3d 983, 989 (8th Cir. 1997) (citing In re Chrysler Motors Corp. Overnight Evaluation Program Litig., 860 F.2d 844, 846 (8th Cir. 1988)). Disclosure of some documents does not destroy work-product protection for other non-disclosed documents of the same character. Id. (citing 8 C. Wright & A. Miller, Federal Practice and Procedure, § 2024 at 209 (1994)). On this authority, the court rejects the defendants' waiver argument. However, Fed. R. Civ. P. 26(b)(3) provides that a party need not demonstrate "substantial need" or "undue hardship" in order to obtain a "statement concerning the action or its subject matter previously made by that party." Defendants' motion to compel document Bates-stamped 171-179 is granted.

Upon the foregoing,

IT IS ORDERED that defendants' motion to compel (docket number 46) is denied in part and granted in part, as set forth above.

August 4, 2006.

_____
JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT